**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MARLON VASQUEZ-LOPEZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **Case No. CIV-26-1494-D** |
| **v.** | ) | |
| | ) | |
| **WARDEN SCARLET GRANT, et al.,**[1] | ) | |
| | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Marlon Vasquez-Lopez, a noncitizen proceeding pro se,[2] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[3] United States District Judge Timothy D. DeGiusti referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3.

---

[1] Warden Chris Gantt, current Warden of the Cimarron Correctional Facility, is not a federal official and the Government did not file its response on his behalf. *See* Doc. 7, at 1 n.1.

[2] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). This Court construes "[a] pro se litigant's pleadings . . . liberally," holding them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[3] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

Respondents filed a Response, Doc. 7, and Petitioner has replied. Doc. 8. So the matter is at issue.

For the reasons set forth below, the undersigned recommends the Court grant Petitioner's request for habeas corpus relief in part and order Respondents to provide him with an individualized bond hearing within seven days or else release Petitioner.

## I. Factual background and procedural history.

Petitioner is a native and citizen of Honduras who entered the United States on or about January 15, 2011. Doc. 8, at 1. He is apparently in removal proceedings and has been residing in the United States on an order of release on his own recognizance. *Id.* at 2, 4. On June 1, 2026, an Immigration Judge (IJ) ordered his removal. *Id.* at 2. Petitioner appealed to the Board of Immigration Appeals and that appeal is pending. *Id.*; *see also* https://acis.eoir.justice.gov/en/caseInformation (noting a case appeal was received on June 15, 2026) (last visited Aug. 19, 2026). Respondents provide no information on Petitioner's case.

Immigration and Customs Enforcement (ICE) detained Petitioner on January 17, 2026. Doc. 1, at 5; Doc. 8, at 2. He is currently detained at the Cimarron Correctional Facility in Cushing, Oklahoma. Doc. 1, at 1.

## II. Petitioner's claims.

Petitioner raises three grounds for relief. In ground one, he complains of his prolonged detention over six months while his removal proceedings are ongoing. Doc. 1, at 7. In ground two, he complains the Government has detained him without a custody redetermination hearing in violation of his due process rights. *Id*. And, in ground three, he complains ICE illegally arrested and detained him without a warrant in violation of 8 U.S.C. § 1226. *Id*. He seeks his immediate release on an appropriate order of supervision, or, in the alternative, he requests a prompt bond hearing where Respondents bear the burden to prove by clear and convincing evidence that he is a risk of flight or danger to the community. *Id.* at 8; *see* Doc. 8, at 14. He also seeks to have Respondents show cause why the Court should not grant his petition; to shorten the objection time;[4] an order enjoining any future illegal detention; an order declaring that his detention is unlawful; and an expedited decision. Doc. 1, at 8.

## III. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S.

[4] The Court addressed these issues in its Order for Response, Doc. 5.

475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis,* 533 U.S. 678, 687-88 (2001)).

## IV. Discussion.

### A. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b).

Petitioner asserts in part that the Government's "prolonged" detention of him with no opportunity for release violates his due process rights. Doc. 1, at 7; Doc. 8, at 3-4. He further asserts he "is detained under [8 U.S.C.] § 1226 and not § 1225." Doc. 8, at 3. Respondents do not explain their detention authority to the Court. *See* Doc. 7, at 1. But they "submit that this matter is controlled by the Tenth Circuit's opinion" in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). *Id*. The undersigned agrees.

Respondents released Petitioner into the country on his own recognizance and permitted him to reside in the interior of the country for years before ICE detained him. "Under those circumstances, Petitioner's detention is more naturally characterized as detention 'pending a decision on whether the alien is to be removed from the United States' within the meaning

of § 1226(a).” *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026). The Court should thus conclude that Petitioner’s present detention “is governed by § 1226(a), not § 1225(b)[].” *Id.; see also Zhang v. U.S. Dist. Ct.*, No. CIV-26-1022-D, 2026 WL 2323190, at *1 (W.D. Okla. Aug. 11, 2026) (finding petitioner who had been “released into the United States” was “detained pursuant to 8 U.S.C. § 1226, not §1225(b)(2)(A)”); *cf. Santillan Quiroz*, 180 F.4th at 1240 (“Based on the statutory text and context, we conclude that § 1225(b)(2)(A)’s application is limited to the border.”).

**B. Petitioner is entitled to a bond hearing under § 1226(a).**

Respondents assert that any relief the Court grants should be “limited to ordering the Respondents to provide a bond hearing within seven days.” Doc. 7, at 1. Petitioner requests a bond hearing but does not believe he will receive a fair hearing. Doc. 8, at 14-15. But, because Petitioner is detained under § 1226(a), the undersigned concludes a bond hearing is the appropriate remedy. *See e.g.*, *Santillan Quiroz*, 180 F.4th at 1247 (explaining that noncitizens subject to § 1226(a) are “eligible for bond”).

“Unlike § 1225(b)(1), § 1226(a) contemplates individualized custody determinations and authorizes release on bond or conditional parole pending completion of removal proceedings.” *Zhakhonov*, 2026 WL 1865418, at *3. Here, the Government has not provided Petitioner with an individualized custody determination since his re-detention in January 2026. Doc. 1, at 7; *see,*

*e.g.*, *Zhakhonov*, 2026 WL 1865418, at *3 ("[T]he process afforded by § 1226(a) itself serves as the mechanism through which a detainee's liberty interest is protected."). Because this is "the very process Congress prescribed for detainees held pursuant to § 1226(a)," the Court should order Respondents to provide Petitioner with a bond hearing under § 1226(a). *Zhakhonov*, 2026 WL 1865418, at *3; *see also Navarrete v. Mullin*, No. CIV-26-224-SLP, 2026 WL 2323345, at *2 (W.D. Okla. Aug. 11, 2026) (finding the petitioner had a "protected liberty interest arising from her release on her own recognizance" and that the level of process owed to her was "for Respondents to provide [her] with a bond hearing pursuant to 8 U.S.C. § 1226"); *Todyrenchuk v. Warden of Diamondback Corr. Facility*, No. CIV-26-1243-J, 2026 WL 2186977, at *3 (W.D. Okla. July 29, 2026) ("[T]he Court concludes the proper remedy in this case is not immediate release, but an individualized bond hearing before an Immigration Judge exercising jurisdiction under § 1226(a).").

The Court should thus grant the petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) within seven days or else release Petitioner. *See, e.g.*, *Santillan Quiroz*, 180 F.4th at 1251 n.13 (directing district court to order the government to provide the petitioner a bond hearing within seven days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a)."); *see also Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *6 (W.D. Okla. Dec. 16, 2025) ("Petitioner has not

received a bond hearing and Respondents raise no objection challenging their obligations to provide bond hearings for noncitizens that are detained under 8 U.S.C. § 1226(a).”).[5]

### C. The Court should decline to address Petitioner's remaining claims.

Given the undersigned's recommendation to grant Petitioner a bond hearing, the Court should decline to address the merits of Petitioner's remaining claims for relief. The Court can grant him relief under § 1226(a). *See Colin*, 2025 WL 3645176, at *6 n.3 (“Because the Court grants the relief the Petitioner requests based on the applicability of 8 U.S.C. § 1226(a), the Court declines to decide the merits of Petitioner's due process claim.”); *see also Zhang*, 2026 WL 2323190, at *2 n.1 (“Given this determination, the Court declines to address Petitioner's remaining claims at this time.”).

---

[5] Petitioner requests the Court place the burden on the Government at a bond hearing to prove he is not a danger to the community or flight risk by clear and convincing evidence. Doc. 1, at 8. But the Court has previously declined to order burden shifting. *See, e.g.*, *Zhang*, 2026 WL 2323190, at *1 (“[T]he Court declines to place the burden on the Government to justify Petitioner's detention pending removal proceedings, at this time.”); *Rangel v. Mullin*, No. CIV-26-568-D, 2026 WL 1625653, at *2 n.2 (W.D. Okla. June 5, 2026) (“At this time, the Court declines to place the burden on the government to justify Petitioner's detention pending removal proceedings.”). So the undersigned does not recommend it in this case.

## V. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court **grant Petitioner's habeas corpus request in part and order Respondents to provide Petitioner with an individualized bond hearing in front of a neutral IJ within seven days or else release Petitioner.** The undersigned also recommends that the Court order Respondents to certify their compliance with the Court's order by filing a status report within ten business days of the Court's order, and to promptly provide a copy of this order to counsel for the Warden of the Cimarron Correctional Facility.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by August 26, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[6] The undersigned further advises the parties that failure to make timely

---

[6] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231 & n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process").

objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 19th day of August, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE